IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| AMARILLO AREA TRANSGENDER ADVOCACY GROUP, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 2:24-CV-00199 |
| CITY OF CANYON, TEXAS, | § § § | |
| Defendant. | § § | |

## JOINT PROPOSED SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Order, ECF No. 20, Plaintiff Amarillo Area Transgender Advocacy Group and Defendant City of Canyon, Texas jointly submit this Joint Proposed Scheduling Order following meet and confer between lead counsel:

**I.    BRIEF STATEMENT OF THE NATURE OF THE CASE:**

This case arises out of Defendant's denial of Plaintiff's event-permit application to hold an LGBTQ+ celebration event in a public park in Canyon, Texas in March 2024.  In denying the application, the City claimed that "lewd behavior" and "public safety issues" occurred at a prior LGBTQ+-celebration event hosted by Plaintiff.  Defendant's denial of Plaintiff's permit application prevented Plaintiff from hosting the event on the planned date at the planned location.

**A.    Plaintiff's Contentions**

Plaintiff brings two claims under 42 U.S.C. § 1983 and contends Defendant's denial of Plaintiff's permit application constituted (1) unlawful content- and viewpoint-based discrimination in a public forum, and (2) an unlawful prior restraint.  For these violations of

Plaintiff's First Amendment rights, Plaintiff seeks injunctive and declaratory relief, monetary damages in amounts to be determined, and attorneys' fees.

### B. Defendant's Contentions

Defendant contends that it did not violate the law through its actions and further denies that the Plaintiff was damaged by the actions of the Defendant. Defendant asserts the following affirmative defenses: 1) Defendant asserts Plaintiff failed to exhaust administrative remedies available to Plaintiff; 2) Defendant asserts Plaintiff is not entitled to any recovery or damages because Defendant is entitled to governmental immunity and Eleventh Amendment immunity for claims asserted by Plaintiff; 3) Defendant acted as a reasonable governmental entity would have in the same or similar circumstances in light of clearly established constitutional law; 4) Defendant asserts Plaintiff failed to make reasonable efforts to mitigate damages; and 5) Defendant asserts Plaintiff is not entitled to an award of attorney fees.

## II. JURISDICTION OR VENUE

The parties agree that the Court has subject-matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff brings claims for violation of the First Amendment under 42 U.S.C. § 1983. The parties do not challenge the Court's jurisdiction or venue.

## III. THE LIKELIHOOD THAT OTHER PARTIES WILL BE JOINED

At this time, the parties do not anticipate the joinder of additional parties.

## IV. PROPOSED DEADLINES

The parties jointly propose the following deadlines:

| Event | Deadline |
| --- | --- |
| Deadline to join other parties | February 28, 2025 |

| | |
|---|---|
| Plaintiff's designation of expert witnesses | June 13, 2025 |
| Plaintiff's expert-witness disclosures required under Rule 26(a)(2) | June 27, 2025 |
| Defendant's designation of expert witnesses | August 1, 2025 |
| Defendant's expert-witness disclosures required under Rule 26(a)(2) | August 15, 2025 |
| All parties' designations of rebuttal expert witnesses | August 29, 2025 |
| All parties' objections to experts (including *Daubert* and similar motions) | September 12, 2025 |
| Plaintiff's amendment of pleadings | June 27, 2025 |
| Defendant's amendment of pleadings | July 11, 2025 |
| Mediation | September 26, 2025 |
| Completion of discovery | September 26, 2025 |
| Dispositive motions (including motions for summary judgment) | October 24, 2025 |
| All other motions (except motions in limine) | November 7, 2025 |
| Rule 26(a)(3) disclosures | December 19, 2025 |

**V.    MATTERS LISTED IN RULE 26(F)(3)(A)-(F)**

   **A.    Changes to Disclosure Requirements:**

The parties do not propose changes to the timing, form, or requirement of disclosures.

   **B.    Subjects and Timing of Discovery**

The parties do not believe discovery should be conducted in phases. The parties believe that discovery should be completed in accordance with the discovery deadlines and limitations set forth in this Joint Proposed Scheduling Order. The parties anticipate discovery on the following subjects:

- Defendant's review of Plaintiff's event-permit applications;

- Defendant's review of previous events hosted by Plaintiff, including any reports by law-enforcement officers who witnessed such events;

- Defendant's communications with third parties regarding Plaintiff's event-permit applications and Plaintiff's events;

- Facts regarding Defendant's ongoing suppression of Plaintiff's speech;

- The amount of monetary damages Plaintiff suffered in connection with the allegations in the Complaint.

### C.    Electronically Stored Information

The parties have met and conferred regarding their preservation obligations, and each party represents that it has instituted reasonable procedures to retain any relevant documents, electronic or otherwise, or any other relevant electronically recorded material until this dispute is resolved. The parties are negotiating and intend to submit an ESI protocol.

### D.    Privilege or Protection

The parties agree to exchange privilege logs that identify documents withheld from production based on claims of privilege or work product protection. The parties agree that a categorical log is appropriate for any communications between the parties and their outside counsel of record for this litigation.

If necessary to protect confidential information, the parties will draft and submit an agreed protective order.

### E.    Discovery Limitations

None, beyond those contained in the Federal Rules of Civil Procedure.

  **F.**  **Other Orders**

 None at this time.

**VI.** **STATUS OF SETTLEMENT NEGOTIATIONS**

 To date there has been no progress towards reaching a negotiated resolution.

**VII.** **READY FOR TRIAL DATE AND ANTICIPATED TRIAL LENGTH**

 The parties shall be ready for trial by January 9, 2026. The parties have requested a jury trial, and anticipate that trial will last five days or fewer.

**VIII.** **APPEARANCE OF LOCAL COUNSEL**

 As required by Local Rule 83.10(a), Plaintiff's counsel has associated with local counsel who appeared in this case upon filing the Complaint on September 11, 2024.

**IX.** **CERTIFICATE OF INTERESTED PERSONS**

 Certificates of interested persons were filed by Plaintiff on September 11, 2024, *see* ECF No. 2, and by the Defendant on October 7, 2024, *see* ECF No. 19.

**VI.** **MAGISTRATE JURISDICTION**

 All parties have consented to have the Magistrate Judge conduct all proceedings in this case, including jury or nonjury trial and entry of judgment, pursuant to 28 U.S.C. § 636(c). *See* ECF No. 21.

**SO ORDERED.**

_____, 2025

                                                MATTHEW J. KACSMARYK
                                                UNITED STATES DISTRICT JUDGE

**AGREED:**

DATED: February 3, 2025

*/s/ Jennifer L. Bryant*
Jennifer L. Bryant (California Bar No. 293371)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Los Angeles, California 90071
Telephone:  (213) 683-9100
Fax:  (213) 687-3702
Jennifer.Bryant@mto.com

Roman Leal (California Bar No. 348892)
Aditi Ghatlia (California Bar No. 347260)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:  (415) 512-4000
Fax:  (415) 512-4077
Roman.Leal@mto.com
Aditi.Ghatlia@mto.com

Ryan Patrick Brown (Texas Bar No. 24073967)
RYAN BROWN P.L.L.C.
1222 S. Fillmore
Amarillo, Texas 79101
Telephone: (806) 372-5711
info@ryanbrownattorneyatlaw.com

*Attorneys for Plaintiff*

7

DATED: February 3, 2025

/s/ *Slater Elza*
Slater C. Elza
State Bar No. 24000747
slater.elza@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
P.O. Box 9158
Amarillo, Texas 79105
(806) 376-5613
Fax: (806) 379-0316

Janet Sobey Bubert
State Bar No. 24036281
Janet.bubert@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
600 Bailey Avenue, Suite 200
Fort Worth, TX 76107
(817) 885-7529
Fax: (817) 439-9922

*Attorneys for Defendant*