# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| AMARILLO AREA TRANSGENDER ADVOCACY GROUP, *Plaintiff*, v. CITY OF CANYON, TEXAS, *Defendant*. | CASE NO. 2:24-CV-00199-Z |

### NOTICE OF REPRESENTATIVE JOHN T. SMITHEE AS TO THIRD PARTY SUBPOENA DUCES TECUM

This Notice as to Subpoena Duces Tecum is filed on behalf of Representative John T. Smithee ("Representative Smithee"), who is not a party to this action. Plaintiff Amarillo Area Transgender Advocacy Group served a third-party subpoena to produce documents (the "Subpoena") on Representative Smithee in connection with this action. Ex. 1. This Notice serves to inform the Court and all relevant parties that Representative Smithee is entitled to—and does not waive—legislative privilege and sovereign immunity as to all discoverable information that is held in his official capacity and covered by Plaintiff's requests for production. This Notice also informs the Court and all relevant parties that Representative Smithee holds no discoverable information, in either his official or individual capacity, that is covered by Plaintiff's requests for production and is relevant to this action.

1. **Representative Smithee is entitled to legislative privilege.**

Representative Smithee is a sitting Texas State Representative, and thus is entitled to invoke legislative privilege as to documents created within "the regular course of the legislative process." *La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228, 235 (5th Cir. 2023) (quoting *United States v. Helstoski*, 442 U.S. 477, 489 (1979)). This privilege is "necessarily broad" in scope—it

"is not limited to the casting of a vote on a resolution or bill; it covers all aspects of the legislative process." *Id.* at 235–36 (internal quotation omitted). As an essential part of the legislative process, "lawmakers routinely meet with persons outside the legislature—such as executive officers, partisans, political interest groups, or constituents—to discuss issues that bear on potential legislation." *Id.* at 236 (internal quotation omitted). In consequence, non-public communications between lawmakers and such third parties are secured under the comprehensive ambit of legislative privilege, unless and until a lawmaker waives the privilege by sharing such correspondence publicly. *Id.* at 236-37.

Yet it is precisely these kinds of communications that fall squarely in the center of Plaintiff's requests for production. Plaintiff's Subpoena sweeps in documents held by Representative Smithee "in both his official and individual capacities." Ex. 1 Definitions ¶ 6. The Subpoena explicitly requests "all documents and communications"—regardless of sender, recipient, or subject—relating to two members of the Plaintiff organization. Ex. 1, RFP 1. It also requests "all communications" between Representative Smithee and two of his constituents—City of Canyon Mayor Gary Hinders and City Manager Joseph Price—that contain any of an incredibly broad selection of dubiously relevant search terms. Ex. 1, RFP 2. One of the key purposes of the legislative privilege is to "serve[] the 'public good' by allowing lawmakers to focus on their jobs rather than on motions practice in lawsuits." *La Union Del Pueblo Entero*, 68 F.4th at 237 (quoting *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951)). Plaintiff's unduly broad Subpoena aims at archetypally legislatively privileged material. Accordingly, Representative Smithee invokes legislative privilege as to all documents created or held in his official capacity.

2.  **Representative Smithee is entitled to state sovereign immunity.**

"[S]overeign immunity is an immunity from *suit* (including discovery), not just liability." *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go." *Id.*

As a sitting State Representative, Representative Smithee is an official of the State of Texas entitled to share in the sovereign immunity of the State. *See Cook v. Hedtke,* No. 03-17-00663-CV, 2018 WL 1660078, at *3 (Tex. App.—Austin Apr. 6, 2018, no pet.). As such, he is entitled to invoke that immunity against invasive legal processes like Plaintiff's Subpoena. While it is true that "states-as-defendants are the usual recipients of state sovereign immunity," it is likewise true that "sovereign immunity respects a broader berth." *Russell*, 49 F.4th at 514. State officials like Representative Smithee are, in their official capacities, entitled to the same immunity as the States that they serve. And "[j]ust as sovereign immunity's preference for substance over form means that it applies to state officials—and not just states—sovereign immunity also applies to state officials as third parties, not just as defendants." *Id.* In short, Plaintiff "may not obtain by third-party subpoena what [it] could not obtain" if it sued Representative Smithee directly. *Id.* at 515.

As is his prerogative under binding Fifth Circuit precedent, Representative Smithee has not waived and does not waive his entitlement to state sovereign immunity. Rather, he hereby asserts that immunity as to all documents created or held in his official capacity.

    3.    **Plaintiff's Subpoena is overbroad.**

Subject to and without waiver of the foregoing, Representative Smithee further objects to the Subpoena on the grounds that the documents requested therein are irrelevant to this case and not reasonably calculated to lead to the discovery of evidence admissible in this action. Plaintiff's second request for production, in particular, features a bevy of assorted terms only possibly or tangentially related to Plaintiff's claims—or not related at all. "Senate Bill 12," for instance, has nothing to do with the subject of Plaintiff's Complaint (ECF 1), while terms such as "lawsuit" and "attorney" are so broad and commonly used that they could encompass correspondence miles afield of any topic reasonably related to Plaintiff's suit.

    4.    **Representative Smithee has no relevant responsive documents.**

Subject to and without waiver of the foregoing, Representative Smithee, after reasonable inquiry, has located no documents within his official or individual possession, custody or control that are both responsive to the Subpoena's terms and relevant to Plaintiff's action.

| | |
|---|---|
| Date: July 11, 2025 | Respectfully submitted. |
| **KEN PAXTON**<br>Attorney General | **DAVID BRYANT**<br>Senior Special Counsel<br>Texas Bar No. 03281500 |
| **BRENT WEBSTER**<br>First Assistant Attorney General | **MUNERA AL-FUHAID**<br>Special Counsel<br>Texas Bar No. 24094501 |
| **RALPH MOLINA**<br>Deputy First Assistant Attorney General | */s/ Mark Csoros*<br>**MARK CSOROS** |
| **RYAN WALTERS**<br>Deputy Attorney General for Legal Strategy | Assistant Attorney General<br>Texas Bar No. 24142814 |
| **RYAN G. KERCHER**<br>Chief, Special Litigation Division | **OFFICE OF THE ATTORNEY GENERAL OF TEXAS**<br>Special Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>David.bryant@oag.texas.gov<br>Munera.al-fuhaid@oag.texas.gov<br>Mark.csoros@oag.texas.gov |
| | **COUNSEL FOR THE STATE OF TEXAS** |

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on July 11, 2025 and that all counsel of record were served by CM/ECF.

*/s/ Mark A. Csoros*
**MARK A. CSOROS**