# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| AMARILLO AREA TRANSGENDER ADVOCACY GROUP, <br><br> *Plaintiff*, <br><br> v. <br><br> CITY OF CANYON, TEXAS, <br><br> *Defendant*. | CASE NO. 2:24-CV-00199-Z |

### NOTICE OF WALTER V. WENDLER AS TO THIRD PARTY SUBPOENA DUCES TECUM

This Notice as to Subpoena Duces Tecum is filed on behalf of Walter V. Wendler ("President Wendler"), who is not a party to this action. Plaintiff Amarillo Area Transgender Advocacy Group served a third-party subpoena to produce documents (the "Subpoena") on President Wendler in connection with this action. This Notice serves to inform the Court and all relevant parties that President Wendler is entitled to—and does not waive—sovereign immunity as to all discoverable information that is held in his official capacity and covered by Plaintiff's requests for production. This Notice also informs the Court and all relevant parties that President Wendler holds no discoverable information, in either his official or individual capacity, that is both covered by Plaintiff's requests for production and relevant to this action.

1. President Wendler is President of West Texas A&M University, a public Texas state university. President Wendler thus is a state official, and is entitled to state sovereign immunity. *See Spectrum WT v. Wendler*, 693 F. Supp. 3d 689, 708–10 (N.D. Tex. 2023) (analyzing the *Ex Parte Young* exception to President Wendler's generally applicable sovereign immunity).

2. While "states-as-defendants are the usual recipients of state sovereign immunity," sovereign immunity is neither limited only to states or only to named defendants. *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022). "Just as sovereign immunity's preference for substance over

form means that it applies to state officials—and not just states—sovereign immunity also applies to state officials as third parties, not just as defendants." *Id.* In sum, that President Wendler is not a named defendant to Plaintiff's suit makes no difference—Plaintiff "may not obtain by third-party subpoena what [it] could not obtain" if it sued President Wendler directly. *Id.* at 515.

3. Sovereign immunity operates as "an immunity from *suit* (including discovery), not just liability." *Russell*, 49 F.4th at 514 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go." *Id.* at 515.

4. President Wendler has not waived and does not waive sovereign immunity. He instead hereby asserts such immunity as to all documents created or held in his official capacity.

5. In consequence, documents held by President Wendler in his official capacity are not discoverable via Plaintiff's Subpoena, which explicitly requests documents allegedly held by President Wendler "in both his official and individual capacities." Ex. 1 Definitions ¶ 6.

6. Subject to and without waiver of the foregoing, President Wendler further objects to the Subpoena on the grounds that the documents requested therein are irrelevant to this case and not reasonably calculated to lead to the discovery of evidence admissible in this action. The Subpoena explicitly requests "all documents and communications"—regardless of sender, recipient, or subject—relating to two members of the Plaintiff organization. Ex. 1, RFP 1. It also requests "all communications" between President Wendler and two employees of the City of Canyon—Mayor Gary Hinders and City Manager Joseph Price—that contain any of an incredibly broad selection of dubiously relevant search terms. Ex. 1, RFP 2. The term "Senate Bill 12," for instance, has nothing to do with the subject of Plaintiff's Complaint (ECF 1), while search terms such as "lawsuit" and "attorney" are so broad and commonly used that they could encompass correspondence miles afield of any topic reasonably related to Plaintiff's suit.

7. Subject to and without waiver of the foregoing, President Wendler, after reasonable inquiry, has located no documents within his official or individual possession, custody or control that are both responsive to the Subpoena's terms and relevant to Plaintiff's action.

| | |
|---|---|
| Date: July 11, 2025 | Respectfully submitted, |

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**RYAN WALTERS**
Deputy Attorney General for Legal Strategy

**RYAN G. KERCHER**
Chief, Special Litigation Division

**DAVID BRYANT**
Senior Special Counsel
Texas Bar No. 03281500

**MUNERA AL-FUHAID**
Special Counsel
Texas Bar No. 24094501

*/s/ Mark A. Csoros*
**MARK A. CSOROS**
Assistant Attorney General
Texas Bar No. 24142814

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
David.bryant@oag.texas.gov
Munera.al-fuhaid@oag.texas.gov
Mark.csoros@oag.texas.gov

**COUNSEL FOR THE STATE OF TEXAS**

*/s/Helen Kelley*
**HELEN KELLEY**
Texas State Bar No. 24086520
Assistant Attorney General

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4136
Facsimile: (512) 320-0167
helen.kelley@oag.texas.gov

**COUNSEL FOR WALTER V. WENDLER**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on July 11, 2025 and that all counsel of record were served by CM/ECF.

*/s/ Mark A. Csoros*
**MARK A. CSOROS**